NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 07-CV-387-KSF

ASTRIDA LEMKINS                                                           PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

DETECTIVE DEANNA BRADLEY, ET AL.                                 DEFENDANTS


Currently before the Court is the "Motion to File Complaint Under Seal or, in the Alternative, to Redact Plaintiff's Name and Use Initials."[1]  The motion was filed by Astrida Lemkins, the *pro se* plaintiff in this action.[2]

### 1. The Complaint

The plaintiff has filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983.  The named defendants are: (1) the Lexington-Fayette Urban County Government ("LFUCG"); (2) LFUCG Detective Deanna Bradley; and (3) LFUCG Captain John Jacobs.

Summarized, the plaintiff alleges that on June 29, 2007, Detective Bradley improperly obtained a KASPER (Kentucky All Schedule Prescription Electronics Reports) concerning her (plaintiff) in violation of KRS 218.202.[3]  Plaintiff alleges a KASPER Report is warranted only

---

[1] On November 20, 2007, the Clerk of the Court received the motion and the complaint under seal from the plaintiff.  The complaint remained temporarily under seal until the entry of this Order.

[2] The plaintiff lists her address as Old Northern Bank Building, 257 West Short Street, Lexington, Kentucky 40507.

[3] The plaintiff alleges that Captain John Jacobs is Detective Bradley's supervisor and was directly involved in obtaining the KASPER Report concerning her.

where there is a "bona fide specific investigation of a designated person who is suspected of criminal activity involving a statute found in chapter 218A.  These circumstances did not exist." [Complaint, p.2]

Plaintiff alleges that after obtaining the results of the KASPER Report, Detective Bradley proceeded to disseminate the information contained therein about her (plaintiff) to her physician, nurse practitioner, pharmacist and current medical providers [*Id*., pp. 2-3, ¶¶ 12-14].  Plaintiff claims that the defendants' conduct was a misuse of power.  She alleges that the conduct constituted not only an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution, but also a violation of her right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution.

Additionally, the plaintiff asserts common law claims of invasion of privacy and intentional infliction of emotional distress.  She demands unspecified compensatory and punitive damages and the right to trial by jury.

2. The Motion to Seal Complaint or Redact Plaintiff's Name

In a separately filed motion, the plaintiff asks the Court to seal her complaint, or alternatively, to redact her name and use only her initials.  The plaintiff contends that her complaint involves "issues of privacy and revelations of medical information that are only allowed to be disclosed by judicial officer" [Motion, p.1, ¶ 1].  She argues that the purpose of "the statute" would be thwarted by denying her motion; however, she does not identify any specific statute in the text of her motion [*Id*., ¶ 3].  She argues that denying her motion would cast a "chilling effect on any individual who challenges illegal law enforcement activity in relation to private medical data" [*Id*].  The plaintiff has provided no legal authority in support

of her claims.

### 3. Discussion

It is well-settled that the Court "has supervisory power over its own records and files," *see In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir.2001) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  A district court has the discretion to decide issues regarding the sealing of the record, by balancing factors both for and against access, *see Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir.1986).

### A. Common Law Presumption

Under the common law, there is a presumption of public access to judicial proceedings and records.  *In re Cendant*, 260 F.3d at 192.  *See also Zurich American Ins. Co. v. Rite Aid Corp.* 345 F.Supp.2d 497, 503 (E. D. Pa., 2004).  Public policy favors public access to judicial proceedings, particularly a court's order or decree, embodying a settlement. *See, e.g., EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993).

While the public's right of access to judicial records and proceedings is extremely broad, "the right is not absolute," *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir.1988),  and "may be rebutted," *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir.1991).  To overcome the common law right of access to judicial materials, the party seeking closure of a hearing or the sealing of part of the judicial record bears the burden of showing: (1) that the material is the kind of information that the courts will protect and (2) that disclosure will cast a clearly defined and serious injury to the party seeking closure. *In re Cendant*, 260 F.3d at

194 (internal quotations omitted); Fed. R. Civ. P. 26(c) (regarding protective orders).

## B. Privacy Concerns

The interest in privacy is a very important aspect of the balancing test.  However, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not enough to require sealing of the record and "[t]he burden of justifying the confidentiality of each and every document sought to be covered by the protective order remains on the party seeking the order." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994), (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied*, 484 U.S. 976 (1987)).

## C. Balancing Plaintiff's Interests With Federal Law and Policy

In exercising its discretion to decide issues regarding the sealing of the record, the Court must balance the public's common law right of access against the interests favoring nondisclosure.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. at 599) (court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir.1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d at 344 (court had duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

In the instant case, the defendants have not been served and therefore have not had an opportunity to respond to the plaintiff's motion to seal her complaint and/or use her initials.  In

4

her motion, the plaintiff asserts in broad terms that denying her motion will cast a chilling effect on anyone who might challenge law enforcement activity in relation to private medical data. She states that her complaint involves issues of "privacy and revelations of medical information" [Motion, p.1].

The plaintiff provides no details in her motion. The Court further notes that she is not a minor. The plaintiff is suing a municipal entity and two agents of that municipal entity, in both their individual and official capacities. This action is a matter of public record, and should be accessible to the public. There is nothing novel or unique about this § 1983 action that would necessitate the wholesale sealing of the matter and removal from the public domain.

Given the strong public policy in favor of the public's access to judicial proceedings, the Court determines that the plaintiff's request to seal the complaint, and/or to use her initials in lieu of her name, is not warranted. The plaintiff has not met her burden of justifying the need to maintain her complaint under seal. *See In re Polemar Construction Ltd. Partnership*, 23 Fed.Appx. 423, 425, 2001 WL 1450749, **2 (6th Cir. (Mich.), 2001) (not selected for publication in the Federal Reporter) (district court did not abuse its discretion by refusing to seal settlement agreement); and *Zurich American Ins. Co. v. Rite Aid Corp*., 345 F.Supp.2d at 506 (third party failed to demonstrate to district court that any type of serious or actual embarrassment or other injury would befall her as a result of the unsealing of the record).

The plaintiff's medical records may contain personal, confidential information that should not be accessible to the public. As for that issue, there is a remedy. In the event plaintiff's medical records become relevant to this matter, the Court is empowered to fashion a protective order containing the guidelines for the filing of such information in the record, such as directing

5

that such information be filed "under seal" whereby this information would only be available to the Court. A protective order along these lines would address the plaintiff's concerns as to confidentiality issues, while at the same time preserving the common law presumption of access to judicial records.

As the defendants have not even been served at this stage of the proceeding, entry of such a protective order at this time would be premature. The plaintiff's motion to seal the complaint, or in the alternative, to redact her name and use her initials, will be denied.

<u>CONCLUSION</u>

(1)     The plaintiff's "Motion to File Complaint Under Seal or, in the Alternative, to Redact Plaintiff's Name and Use Initials" is **DENIED**.

(2)      The Clerk of the Court is directed to **UNSEAL** the *pro se* complaint.

This 21st day of November, 2007.



**Signed By:**

**<u>Karl S. Forester</u>** $KSF$

**United States Senior Judge**

6